IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MUMIN ISRAFIL, | : | |
| Plaintiff | : | Civil Action 2:10-cv-132 |
| v. | : | Judge Sargus |
| MONA PARKS, | : | Magistrate Judge Abel |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Warren Correctional Institution, filed suit on February 10, 2010, alleging that he had been unable to attend a medical appointment at the Corrections Medical Center because prison staff had refused to provide him with wheelchair assistance.  In his complaint, he stated that he had filed a grievance about this matter, but that in denying it the institutional inspector had failed to investigate his allegations and had relied upon false statements made by prison staff.[1]  Plaintiff argues that he is being denied the opportunity to rebut such false statements during the grievance process, and requests that the Court recognize his constitutional right to challenge statements relied upon in the disposition of grievances and order the defendant to fully investigate his

---

[1] Plaintiff has pending parallel litigation, *Israfil v. Jackson*, Southern District of Ohio Case No. 1:10-cv-028, relating to his alleged denial of medical care.

allegations.

Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff does not have a constitutional right to an effective grievance process. In rebuttal to this, Plaintiff argues that the failure to properly investigate his allegations amounts to deliberate indifference to prison images' constitutional rights, and is actionable under 42 U.S.C. §1983.

The motion to dismiss (Doc. 15) should properly be granted. Regardless of the substance of Plaintiff's complaints (which is being litigated elsewhere), a prison inmate does not have an inherent constitutional right to an effective prison grievance procedure. *Young v. Gundy*, 30 Fed.Appx. 568, 569-70 (6th Cir. 2002), citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996). *See also Argue v. Hofmeyer*, 80 Fed.Appx. 427, 430 (6th Cir. 2003); *Keenan v. Marker*, 23 Fed.Appx. 405, 407 (6th Cir. 2001); *Mays v. Wilkinson*, 181 F.3d 102 at *1 (6th Cir. 1999); *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Prison officials are not obligated to respond to an inmate's grievances in a way satisfactory to the inmate. *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, *3 (6th Cir. 2000). Plaintiff's allegations here of "reliance upon false material statements, disputable medical opinion, and failure to investigate" on the part of the institutional inspectors involved in the grievance process therefore do not, as a matter of law, state a claim under 42 U.S.C. §1983. Plaintiff is entitled to pursue redress in the federal courts, if he wishes, for his underlying claims of failure to provide for his medical needs. He cannot, however, complain about the procedures which Ohio's corrections system

followed or failed to follow in evaluating his grievance.

Accordingly, I **RECOMMEND** that the motion to dismiss (Doc. 15) be **GRANTED** and that this case be **DISMISSED**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge