IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mumin Israfil, | : | |
| Plaintiff | : | Civil Action 2:10-cv-132 |
| v. | : | Judge Sargus |
| Mona Parks, | : | Magistrate Judge Abel |
| Defendant | : | |

## ORDER

Plaintiff, a prisoner at the Warren Correctional Institution, originally filed this action on February 10, 2010. (Doc. 1.) He alleged that, on September 25, 2009, he had been scheduled to attend a medical appointment at the Corrections Medical Center for treatment of chronic pain in his back which rendered it difficult to walk. However, he alleged, prison administrators refused to supply him with wheelchair assistance to the transport bus, and he was unable to attend his appointment. His grievances relating to this matter were denied for reasons which he stated were based upon false material statements. In his litigation, Plaintiff sought a declaratory judgment that the prison grievance system was unconstitutional because it did not permit a prisoner to challenge false statements.

On April 19, 2010, Defendant filed a motion to dismiss on grounds that a prisoner does not have a constitutional right to an effective grievance process or one which follows a particular method. (Doc. 15.) On August 18, 2010, the Magistrate

Judge issued a Report and Recommendation recommending that the motion to dismiss be granted for the reasons advanced by Defendant. Plaintiff did not file objections to this Report and Recommendation. However, on September 20, 2010, he filed a motion for leave to amend his complaint. (Doc. 28.) His amended complaint (Doc. 28-1) described more fully his allegations that he had been denied access to wheelchair assistance. His claim for relief was now that Defendant had violated his Eighth Amendment rights in denying him access to health care by denying him transport to his medical appointment. Although he alleged that he had filed a grievance about the incident, he did not challenge, or seek relief concerning, the grievance process or its manner of resolving grievances.

Defendant has opposed this request for leave to amend the complaint. (Doc. 29.) Her stated reasons for opposition, however, do not appear to match the claims in Plaintiff's new complaint:

> The basis of Israfil's complaint arises from his displeasure with the manner in which Defendant Parks responded to his grievance. Israfil does not have a constitutional right to an effective grievance process for the reasons set forth in Defendant's Motion to Dismiss (Doc. 15). Since Israfil's complaint cannot survive a motion to dismiss, his request to amend his complaint should be denied.

(Doc. 29 at 1.) It is clear from the face of Plaintiff's proposed amended complaint that the basis upon which Defendant sought dismissal of his original complaint (lack of constitutional right to certain grievance process) is no longer relevant to the amended complaint. The Court will therefore disregard these objections.

Accordingly, the Court GRANTS Plaintiff's motion for leave to amend (Doc.

28).[1] The Clerk of Court is **DIRECTED** to docket Plaintiff's amended complaint (Doc. 28-1). Defendant shall have twenty-one (21) days from the date of entry of this Order to move or plead in response to Plaintiff's amended complaint. In addition, the Report and Recommendation of the Magistrate Judge (Doc. 23) is **OVERRULED AS MOOT**, and Defendant's motion to dismiss (Doc. 15) is **DENIED AS MOOT**.

s/ 11-9-2010
United States District Judge
Edmund A. Sargus, Jr.

[1] The Court notes that the Magistrate Judge's Report and Recommendation recommending dismissal (Doc. 23) was pursuant to Defendant's motion to dismiss (Doc. 15), not an initial screening of a prisoner complaint pursuant to 28 U.S.C. §1915A.