IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mumin Israfil, | : | |
| Plaintiff | : | Civil Action 2:10-cv-132 |
| v. | : | Judge Sargus |
| Mona Parks, | : | Magistrate Judge Abel |
| Defendant | : | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's objections to the May 2, 2011 Report and Recommendation of the Magistrate Judge, which recommended that Defendant's motion for summary judgment granted and that Plaintiff's motion to defer ruling on the motion be denied, and Plaintiff's motion for leave to amend his complaint.

**Factual background**. The following facts are taken from Plaintiff's amended complaint. Plaintiff is incarcerated in the Ohio prison system. During his residence at Warren Correctional Institution ("WCI"), Plaintiff was scheduled for a medical appointment to address degenerative disc disease and other impairments in his spine. Due to constant neck and back pain, Plaintiff required the use of a wheelchair to move him from his cell to the medical transport bus. However, prison employees denied him the use of a wheelchair, and he missed his appointment. Plaintiff subsequently complained to WCI staff, and then filed a grievance with the

1

institutional inspector at WCI. After this was denied, he appealed the grievance decision to Defendant Mona Parks ("Parks"), assistant chief inspector for the Ohio Department of Rehabilitation and Correction ("ODRC"). In his appeal, Plaintiff asked Parks to enforce what he claimed was ODRC policy requiring WCI administrators to ensure his safe and timely transportation to medical appointments. Defendant Parks denied Plaintiff's appeal.

Plaintiff has brought a claim under 42 U.S.C. §1983 against Parks, alleging:

> The failure of defendant Parks to take action and enforce established DRC policy for plaintiff's round trip to pain clinic via safe transportation constituted denial [of] access to medical treatment by way of deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

(Doc. 31-1 at 3.) Defendant moved for summary judgment, arguing that she had no personal liability because she had no direct involvement in Plaintiff's medical care, and the denial of a grievance cannot serve as the basis for a claim of liability under §1983. In Plaintiff's response, he asked the Court to defer ruling on summary judgment until discovery was completed, stating that he required additional documents concerning Defendant's duties and authority. In his Report and Recommendation, the Magistrate Judge found that "[p]articipation in the processing of administrative remedies does not expose a corrections employee to a claim that she acquiesced in the conduct complained of." (Doc. 43 at 5.) He recommended that the motion for summary judgment be granted and that the motion to defer ruling be denied.

**Summary judgment**. Summary judgment is appropriate "if the pleadings,

2

the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (concluding that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations [...] but [...] must set forth specific facts showing that there is a genuine issue for

3

trial." Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 324. Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Matsushita*, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

**Eighth Amendment liability**. In his objections, Plaintiff argues that Parks' position entails, according to its description, "managing all aspects of the inmate grievance procedures, specifically as it relates to health care in the area of... compliance of regulations for the" ODRC. (Doc. 47 at 2, citing Doc. 40-2 at 3.) This, he asserts, renders Parks personally responsible for enforcing medical regulations, and her failure to do so after being specifically cautioned in Plaintiff's grievance that he was being denied medical care amounted to deliberate indifference to his serious medical needs.

However, even the material Plaintiff quotes demonstrates that Parks' job was to manage *inmate grievance procedures* about health care, not the health care itself. Plaintiff does not allege that Parks refused or failed to process his grievance. The job description he cites states that Parks must review grievances and "[p]rovide assistance... [m]ake recommendations... [s]uggest improvements..." (Doc. 40-2 at 3.) Even if, for the sake of argument, the actions of employees at WCI were in violation of ODRC regulations or Plaintiff's constitutional rights, these were not Parks' actions, and she had no duty to provide health care herself. As the Magistrate

4

Judge correctly noted, courts have repeatedly held that a defendant cannot be held liable under 42 U.S.C. §1983 merely for denying an inmate's grievance. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006); *see also Martin v. Harvey*, 14 Fed.Appx. 307 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Defendant Parks was not personally involved in the alleged denial of health care, and accordingly is not liable to Plaintiff. She is entitled to summary judgment.

**Proposed amendment**. After the Magistrate Judge issued his Report and Recommendation, Plaintiff moved to amend his complaint to join the two shift commanders who were on duty at the time of the alleged denial of wheelchair use. Fed. R. Civ. P. 15(a)(2) provides that a court should give leave to amend "freely... when justice so requires." In evaluating whether amendment should be permitted, however, courts will consider factors such as "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

Plaintiff originally filed this action on February 10, 2010. On November 9, 2010, the Court permitted Plaintiff to amend his complaint in order to clarify that his claims were based upon a denial of access to health care, not denial of an effective grievance process. Defendant has previously pointed out that Plaintiff has other pending litigation against his medical providers, *Israfil v. Woods*, S.D. Ohio Case No. 1:09-cv-468, which was filed in July 2009. His complaint in that case arises in part out of the same incident, and refers to the two shift commanders who

5

are the proposed new party defendants here.[1] *See Israfil v. Woods*, Doc. 1, ¶¶ 14-19.

In his motion for leave to amend, Plaintiff states that the reason for his request is because "[t]hrough the course of litigation and discovery in this case, plaintiff has come into agreement... that 'plaintiff fails to name necessary indispensible parties'." (Doc. 48 at 1.) The Court finds that Plaintiff has failed to demonstrate why he was unable to identify and articulate these claims either in his original complaint here, his amended complaint, or in his complaint in *Israfil v. Woods*. His delay in raising these claims, in light of his repeated bites at the apple, is undue, and demonstrates repeated failure to cure deficiencies. Accordingly, the Court declines to grant Plaintiff leave to amend his claims.

**Conclusions**. For the reasons set forth herein, Plaintiff's motion for leave to amend (Doc. 48) is **DENIED**. The Report and Recommendation of the Magistrate Judge (Doc. 43) is **ADOPTED**. Plaintiff's motion to postpone ruling on the motion for summary judgment (Doc. 39) is **DENIED**. Defendant's motion for summary judgment (Doc. 36) is **GRANTED**. This action is **DISMISSED**.

s/ [signature] 6-22-2011
United States District Judge

---

[1] Defendant argues that permitting amendment would also be futile, because Plaintiff failed to exhaust his administrative remedies against the proposed new party defendants. (Doc. 49 at 3.) As it otherwise declines to permit amendment, the Court need not address this argument.